SUMMARY ORDER
UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals (“BIA”), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.
Zeng Lin Feng, though counsel, petitions for review of the BIA decision affirming the decision of an immigration judge (“IJ”) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Jin Hui Gao v. United States Att’y Gen., 400 F.3d 963, 964 (2d Cir.2005); Zhou Yun Zhang v. INS, 386 F.3d 66, 73-79 (2d Cir.2004); Ramsameachire v. Ashcroft, 357 F.3d 169, 178-83 (2d Cir.2004); Secaida-Rosales v. INS, 331 F.3d 297, 306-13 (2d Cir.2003); Diallo v. INS, 232 F.3d 279, 286-88 (2d Cir.2000).
Feng’s testimony concerning [i] when his wife was forcibly sterilized, [ii] where his wife hid during her second pregnancy, and [iii] whether she was given notice to undergo sterilization, was inconsistent with prior statements and goes to the heart of Feng’s claim that he and his wife had been persecuted for non-compliance with China’s family planning policy. Discrepancies also exist between Feng’s testimony concerning his mother’s illness and documents submitted in support of his claim. Although those inconsistencies may be minor when each is considered by itself, and the nature of Feng’s mother’s illness may be deemed tangential to his claim of persecution, the cumulative effect of the inconsistencies seriously undermines his credibility. See Xiao Ji Chen v. U.S. Dep’t of Justice, 434 F.3d 144, 160 n. 15 (2d Cir. 2006). Since the IJ’s decision was primarily based on Feng’s incredible testimony, this Court need not address whether the IJ erred in his alternative ruling that Feng failed to provide corroborating evidence of his wife’s sterilization in the form of a statement from her. Id. at 164. Thus, Feng’s application for asylum and withholding of removal were properly denied. See Secaidar-Rosales, 331 F.3d at 307. Moreover, because Feng provided no evidence that he would be tortured if returned to China, the IJ properly denied CAT relief as well. See Khouzam, 361 F.3d at 168.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule *442 of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).